### CLARKE vs. SMITH, Executor, &c.

In an action against an executor, the plaintiff can not be permitted to testify, as a witness in his own behalf, to what passed between him and the deceased, in her lifetime; nor to testify that certain conversations did not occur between him and the deceased.

It matters not whether the object of the testimony is to prove the affirmative or a negative.

After a physician has proved an employment professionally, the entries in his book, of the visits may be received, to show the number of visits.

Such book is evidence of nothing else; and for this purpose it is not necessary as in other cases where books are admitted in evidence, to prove that the plaintiff keeps correct books, or that others have settled by them.

The objection that the alteration of the law admitting parties as witnesses, has rendered the books unnecessary as evidence, even if it had that effect in other cases, does not apply where the other party is dead; because in such a case he can not testify.

MOTION to set aside the report of a referee appointed on the reference of a claim made by the plaintiff, for professional services as a physician, against the estate of Catharine McGuire, deceased, the defendant's testatrix. On the trial the plaintiff was examined as a witness in his own behalf, and testified that he attended the deceased; that in 1862 and 1863 he attended the deceased as her physician, at her request; that he made one hundred and twenty-three visits, in all, at $2 a visit; that he kept books in which he entered all his visits in those years; that those books were his diaries, and the entries therein were in his handwriting, and were made at the time, or on the same day, the visits were made. The books were received and read in evidence. The plaintiff's claim also embraced six visits made during the plaintiff's absence from the city, by Dr. O'Rourke, in his behalf, and he testified that no part of his bill had been paid; and that the diaries produced were the only books of account of patients in which any entry of this transaction was made. The defendant's counsel objected in due time to the testimony of the plaintiff, and the several portions thereof, separately, upon the ground that the plaintiff was not a competent witness; the matter being tranactions or

communications had personally by him with the deceased; and on the further ground, as to the books, that the same could not be received in evidence ; that no proper foundation therefor had been laid ; and that the plaintiff had not shown by one or more of his customers who had settled with him, that he kept correct books; and that it was not proven that he kept no clerk.    The referee overruled the objections severally, and the defendant excepted.    After witnesses on the part of the defendant had testified to admissions made by the plaintiff to the deceased, in her lifetime, to the effect that she owed him nothing, the plaintiff was recalled, and denied having made any such admission.    The defendant's counsel objected to this testimony of the plaintiff, on the ground that he was not a competent witness, the matters being transactions or communications had personally with the deceased, by the plaintiff.    The referee overruled the objection, and admitted the evidence.

The referee reported in favor of the plaintiff for $246, with interest.

*T. Smythe,* for the plaintiff.

*M. Compton,* for the defendant.

*By the Court,* INGRAHAM, J.    The referee erred in admitting the plaintiff as a witness to testify to what passed between him and the deceased, or to testify that certain conversations did not pass between the plaintiff and the deceased.    The Code, section 399, prohibits the examination of a party in respect to any transaction or communication had by the party personally with a deceased person.    The plaintiff was called to testify as to what took place between him and the deceased in regard to what she had said as to his claims against her, and as to her having his bill and paying him money.    It matters not whether the object of the testimony was to prove the affirmative or negative.    It was

to prove something between the plaintiff and the deceased, about which she could have testified if alive, and the injustice of allowing a party to testify under such circumstances is apparent. It seems hard, at first, that the plaintiff is not allowed to contradict the statements of the witnesses, who testified to what the deceased said on the subject; but there is in truth no hardship, because the law was not altered in this respect. Before the Code, the plaintiff could not have been a witness at all, and so far as relates to transactions between the plaintiff and deceased, the law remains unaltered. The evidence as to what the deceased said when the plaintiff was not present ought not to have been received. Her declarations were not evidence, but as that was on behalf of the defendant, he has no right to complain of it.

The books were properly received. After a physcian has proved an employment professionally, the entries in his book of the visits have always been received to show the number of visits. It is evidence of nothing else, and for this purpose it has not been considered necessary, as in other cases where books are admitted in evidence, to prove that he keeps correct books, or that others have settled by them.

The objection that the alteration of the law admitting parties as witnesses, has rendered the books unnecessary as evidence, even if it had that effect in other cases, does not apply where the other party is dead, because in such case he can not testify.

For the reason first stated, I think the report must be set aside, and a new trial ordered; costs to abide the event.

The testimony heretofore taken can stand, with the exception of the testimony above referred to, and with leave to either party to move to strike out any part of it, and to either party to produce further witnesses.

[New York General Term, April 2, 1866. *Geo. G. Barnard, Ingraham* and *Sutherland,* Justices.]